UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

LEE O. COUNTS                                                                         PLAINTIFF

v.           Civil No. 6:16-CV-06024-PKH-BAB

SHERIFF LARRY SANDERS, *et. al.*                                 DEFENDANTS

**ORDER**

Plaintiff, Lee O. Counts, submitted this pro se action for filing on March 10, 2016. (Doc. 1). Currently before the Court is Defendant motion to dismiss (Doc. 16), and Plaintiff's failure to follow a Court order and failure to prosecute.

**I.     BACKGROUND**

Plaintiff filed his complaint on March 10, 2016. (Doc. 1). On January 12, 2017, Defendants filed a motion to compel, stating their discovery requests to Plaintiff had not been returned as undeliverable, and Plaintiff had not responded. (Doc. 14). On January 13, 2017, the Court entered an order directing Plaintiff to provide Defendant with the required discovery responses by February 3, 2017. Plaintiff was advised that failure to comply with the order could result in summary dismissal of his case. (Doc. 15). This order was not returned as undeliverable.

Defendants filed their motion to dismiss on February 28, 2017, stating that Plaintiff had not responded. (Doc. 16). Plaintiff has not communicated with the Court since filing his complaint.

**II.     LEGAL STANDARD**

While pro se pleadings are to be construed liberally, a pro se litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). Local Rule 5.5(c)(2) states in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2)

Additionally, the Federal Rules of Civil Procedure also specifically contemplate dismissal of a case with prejudice on the grounds the plaintiff failed to prosecute or failed to comply with orders of the Court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31 (1962) (the district Court possess the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district Court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* Court order," and such a dismissal may be with prejudice if there has been "'a clear record of delay or contumacious conduct by the plaintiff.'" *Brown v. Frey,* 806 F.2d 801, 803–04 (8th Cir. 1986) (quoting *Haley v. Kansas City Star,* 761 F.2d 489, 491 (8th Cir. 1985)) (emphasis added). Dismissal with prejudice is an extreme sanction, and only to be used in cases of "willful disobedience of a Court order" or "where a litigant exhibits a pattern of intentional dely." *Hunt v. City of Minneapolis,* 203 F.3d 524, 527 (8th Cir. 2000). The Court does not, however, need to find that Plaintiff acted in bad faith, but "only that he acted intentionally as opposed to accidentally or involuntarily." *Id.* (quoting *Rodgers v. Univ. of Missouri,* 135 F.3d 1216, 1219 (8th Cir. 1998)).

### III. DISCUSSION

Plaintiff has failed to comply with a Court order. Plaintiff has failed to prosecute this matter. Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2) Plaintiff's Complaint should be dismissed without prejudice for failure to comply with the Court's Local Rules

and Orders and failure to prosecute this case. *See* Local Rule 5.5(c)(2); Fed. R. Civ. P. 41(b).

**IV.    CONCLUSION**

For these reasons, Plaintiff's complaint is DISMISSED WITHOUT PREJUDICE. Judgment will be entered accordingly.

IT IS SO ORDERED this 23rd day of May, 2017.

/s/ P. K. Holmes, III
HON. P. K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE